**DeORCHIS, WIENER & PARTNERS, LLP**
61 Broadway, 26th Floor
New York, New York 10006-2802
(212) 344-4700

Attorneys for Plaintiffs
ZIM AMERICAN INTEGRATED SHIPPING
SERVICES CO., INC. and
ZIM INTEGRATED SHIPPING SERVICES, LTD.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ZIM AMERICAN INTEGRATED SHIPPING
SERVICES CO., INC. and ZIM INTEGRATED
SHIPPING SERVICES, LTD.



                              Plaintiffs,

        -against-

WICE LOGISTICS USA, INC., AA FREIGHT
INC., MINGTAI FIRE & MARINE INSURANCE
CO., LTD., SUPER ALLOY INDUSTRIAL CO.,
LTD., IQS WHEEL SYSTEM, LLC, and MAHER
TERMINALS, LLC,

                              Defendants.

-------------------------------------------------------------X

JUDGE KAPLAN

'07 CIV 4632

**COMPLAINT**

Plaintiffs, ZIM AMERICAN INTEGRATED SHIPPING SERVICES CO., INC.
(hereinafter "ZIM-AMERICAN") and ZIM INTEGRATED SHIPPING SERVICES, LTD.
(hereinafter "ZIM LINES"), by their attorneys DeOrchis, Wiener & Partners, LLP, as and for a
complaint against the Defendants, WICE LOGISTICS USA, INC., (hereinafter "WICE"), AA
FREIGHT INC. (hereinafter "AA FREIGHT"), MINGTAI FIRE & MARINE INSURANCE
CO., LTD. (hereinafter "MINGTAI"), SUPER ALLOY INDUSTRIAL CO., LTD.
(hereinafter "SUPER ALLOY"), IQS WHEEL SYSTEM, LLC (hereinafter "IQS"), and

MAHER TERMINALS, LLC. (hereinafter "Maher"), allege upon information and belief as follows:

<u>**JURISDICTION**</u>

1.    This action is filed under and pursuant to the Federal Declaratory Judgment Act, 28 U.S.C.§2201.

2.    The issues presented by this action constitute questions of cargo loss and/or damage under a contract of ocean carriage and thereby come within the admiralty and maritime jurisdiction of this Honorable Court, pursuant to 28 U.S.C. §1333 *et seq.*, and within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

3.    An actual controversy of a judiciable nature exists between Plaintiffs and Defendants involving the rights and obligations under a maritime contract of carriage and depending upon the construction of the said contract, the aforesaid controversy can be determined by a judgment of this Court without further suit.

<u>**PARTIES**</u>

4.    At all relevant times, Plaintiff ZIM LINES was and is a corporation or other business entity duly organized and existing under and by virtue of laws of Israel with an office and place of business at 7-9 Pal-Yam Avenue, P.O. Box 1723, Haifa Israel 31016.

5.    At all relevant times, Plaintiff ZIM LINES was and is an ocean carrier of goods for hire.

6.    At all relevant times, Plaintiff ZIM-AMERICAN was and is a corporation or other business entity duly organized and existing under and by virtue of the laws of one of the States of the United States of America, and was and is general agent for disclosed principal

ZIM LINES, with an office and place of business at 5801 Lake Wright Drive, Norfolk, VA 23502.

7.     At all relevant times, Defendant WICE was and is a corporation or other business entity organized and existing by virtue of, or otherwise licensed or authorized to do business under, the laws of one of the States of the United States of America, with an office and place of business at 755 Route 83, Suite 201, Bensenville, IL  60106.

8.     At all relevant times, Defendant WICE was a freight forwarder and/or a non-vessel common carrier for hire and was the shipper of the cargo in suit under the contract of carriage at issue herein with Plaintiff ZIM LINES.

9.     At all relevant times, Defendant AA FREIGHT was and is a corporation or other business entity organized and existing by virtue of, or otherwise licensed authorized to do business under, the laws of Taiwan, with an office and place of business at Room 905, 9th floor, No. 111, Nanking East Road, Sec. 2, Taipei, China (Taiwan).

10.     At all relevant times, Defendant AA FREIGHT was the consignee and notify party with respect to the cargo in suit under the contracts of carriage with Plaintiff ZIM LINES.

11.     At all relevant times, Defendant MINGTAI was and is a corporation or other business entity organized and existing by virtue of, or otherwise licensed authorized to do business under, the laws of Taiwan, with an office and place of business in Taiwan.

12.     At all relevant times, Defendant MINGTAI was and is a marine insurance underwriter which is a wholly-owned subsidiary of Mitsui Sumitomo Insurance co., Ltd., and has an agent, Mitsui Sumitomo Marine Management (USA) Inc., which is registered to do

business with the Department of State of the State of New York, USA, and has an office at 560 Lexington Avenue, New York, New York 10022.

13.     At all relevant times, Defendant MINGTAI issued an all-risk insurance coverage policy for the subject cargo during the period of transport, and is the subrogor of any rights or liabilities of the insured, SUPER ALLOY.

14.     At all relevant times, Defendant SUPER ALLOY was and is a corporation or other business entity organized and existing by virtue of, or otherwise licensed or authorized to do business under, the laws of Taiwan, with an office and place of business at 80, Yung-Ke Road, Sec. 3, Dou-Liu City, Yung-Lin Hsieh, Taiwan, ROC.

15.     At all relevant times, Defendant SUPER ALLOY was and is the receiver, buyer, and/or owner of the cargo in suit.

16.     At all relevant times mentioned, Defendant IQS was and is a corporation or other business entity organized and existing by virtue of, or otherwise licensed or authorized to do business under the laws of, one of the States of the United States of America, with an office and place of business at 38380 Abruzzi  Road, Westland, Michigan 48185.

17.     At all relevant times, Defendant IQS was and is the manufacturer and/or seller of the cargo in suit.

18.     At all relevant times mentioned, Defendant MAHER was and is a corporation or other business entity organized and existing by virtue of, or otherwise licensed or authorized to do business under the laws of, one of the States of the United States of America, with an office and place of business at 400 Connell Drive, Berkeley Heights, NJ 07922

4

19.    At all relevant times, Defendant MAHER was and is a terminal operator and stevedore operating in the Port of New York/New Jersey and involved in the storage, handling, loading and discharging of cargo for ocean carriage.

## BACKGROUND FACTS

20.    On or about June 9, 2006, Defendant WICE booked the cargo that is the subject of this lawsuit for ocean carriage aboard an ocean-going vessel owned and/or operated by Defendant ZIM LINES, the carrier, from the Port of New York/New Jersey to Keelung, in consideration of certain agreed upon freight charges.  The booking was identified by reference no. ORF124654 and formed a contract of carriage to be later evidenced by a bill of lading to be issued.

21.    The booking confirmation provides that "[t]his booking note is made subject to all the terms and conditions of ZIM's regular form bill of lading, copy of which can be obtained from any ZIM agent, and which is on file with the Federal Maritime Commission."

22.    The terms of the contract of carriage between ZIM LINES and the Defendants, other than MAHER, are set forth in the booking confirmation and all of the other terms and conditions incorporated therein, including those in the ZIM LINES regular form bill of lading.

23.    The booking was made through ZIM's general agent, ZIM-AMERICAN as is standard practice for shipments of this nature.

24.    The cargo was described by the shipper at the time of booking as one forty foot flat rack container said to contain machinery.

25.    The cargo was loaded and/or secured to the flat rack container by the shipper and/or its agents and was delivered by the shipper and/or its agents to Maher Terminal in the Port of New York/New Jersey for loading aboard ZIM's vessel and carriage to Keelung.

26.    The cargo was delivered to Maher Terminal for export on or about June 28, 2006, pursuant to the terms and conditions of the contract of carriage between Plaintiff ZIM LINES and the Defendants other than MAHER.

27.    Upon attempting to load the cargo aboard the ocean vessel, it was rejected for loading by ZIM LINES due to damage noted to one of the crates loaded and secured to the flat rack container by the shipper and/or its agents.

28.    On or about July 17, 2006, pursuant to the instructions of WICE, the cargo was removed from Maher Terminal and returned to the shipper's agent, where the crates were subsequently stripped from the flat rack container for examination, inspection and repair..

29.    On or about November 3, 2006, all of the subject cargo was returned to Maher Terminal by WISE for transport to Keelung pursuant to Zim's bill of lading number ZIMUORF171219.  The cargo was described in the new bill of lading as "1 container (flat rack), SLAC 4 machines."  The container was loaded aboard Zim's vessel, M/V ZIM CALIFORNIA, voyage 17W, on or about November 6, 2006 and transported to Keelung where it was discharged in the same order and condition as when received at Maher Terminal in New York on or about November 3, 2006.

30.    Thereafter, Defendant MINGTAI, by and through its attorneys in Taiwan, has alleged a cargo claim against Plaintiffs for damages in the amount of $94,391.08.  Plaintiffs have denied the claim.

31.    Defendant MINGTAI, by and through its attorneys in Taiwan, has refused to accept or respect the jurisdiction and applicable law  clause contained in the subject bill of lading,   and has threatened to take legal action against ZIM LINES  and its vessels in Taiwan in respect of a claim for alleged damage to the subject cargo.

32.    Plaintiffs tendered their defense of this claim to Defendant MAHER but MAHER has not formerly accepted the tender of defense.

## THE CONTRACT OF CARRIAGE

The terms and conditions of the ZIM's Bill of Lading which are incorporated into the booking confirmation and the contract of carriage between Plaintiffs and the Defendants other than MAHER provides in pertinent part as follows:

2.  DEFINITIONS:  in this Bill of Lading:

"Zim" – means ZIM INTEGRATED SHIPPING SERVICES LTD.

"Merchant" – means jointly and severally the shipper, the consignee, the holder and any assignee of this Bill of Lading.

****

3.  CONTRACTING PARTIES:  The contract evidenced by the Bill of Lading is between the Carrier and the Merchant.  The shipper, the consignee, the holder and any assignee of this Bill of Lading are jointly and severally liable towards the carrier for all the various undertakings, responsibilities and liabilities of the Merchant hereunder or in connection herewith.

****

4.  RESPONSIBILITY:
II. (b) For the shipments to or from the U.S.A., this bill of lading shall be only subject to the U.S. Carriage of Goods by Sea Act, 46 U.S.C. 1300 at seq. (U.S. COGSA) which Act shall by

this contract also apply before loading and after discharging as long as the goods remain in the Carrier's custody or control.

****

23. PACKAGE LIMITATION AND DECLARATION OF VALUE:
The Carrier shall in no event be or become liable for any loss or damage to the goods or in connection therewith in an amount exceeding the per package limitation contained in any legislation making the Hague Rules or U.S. COGSA, as the case may be, compulsory applicable to this Bill of Lading or, where no such legislation is applicable, in an amount not exceeding US$500 lawful money of the United States per package or unit.

****

24. LAW AND JURISDICTION:
All and any claims and/or disputes arising under the Bill of Lading or in connection therewith shall be brought before and determined by the courts and in accordance with the law at:

(a)    the place where the Carrier has its Head Office, namely Haifa, Israel

OR

(b)    if the cargo originates in or is destined for the U.S.A. by the United States District Court for the Southern District of New York, N.Y.

****

Each of the above courts, respectively, shall have exclusive jurisdiction and therefore, no proceedings shall be brought before any other court.

****

8

## AS AND FOR A FIRST CAUSE OF ACTION
## AGAINST ALL DEFENDANTS, EXCEPT MAHER

30.    Repeat and reallege each and every allegation set forth in paragraphs 1-29 inclusive of this Complaint with the same force and effect as if more fully set forth herein.

31.    The contract of carriage between Plaintiff ZIM LINES and the Defendants, other than MAHER, provides that any claims or disputes arising under the contract of carriage shall be brought before and determined by this Honorable Court.

32.    Accordingly, Plaintiffs seek a Declaratory Judgment that this Honorable Court has sole and exclusive jurisdiction  over the parties and any claims by the Defendants, other than MAHER, for alleged loss or damage to the subject cargo.

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST ALL DEFENDANTS, EXCEPT MAHER

33    Repeat and reallege each and every allegation set forth in paragraphs 1-32.

34.    Accordingly, Plaintiffs seek a declaratory judgment by this Honorable Court that pursuant to the terms and conditions of the contract of carriage between Plaintiff ZIM LINES and the Defendants, other than MAHER, the rights and obligations of the parties shall be governed by the United States Carriage of Goods by Sea Act, 46 U.S.C. §1300 *et seq.* and the terms and conditions of ZIM's booking note and standard form bill of lading .

## AS AND FOR A THIRD CAUSE OF ACTION
## AGAINST ALL DEFENDANTS, EXCEPT MAHER

35.    Repeat and reallege each and every allegation set forth in paragraphs 1-34.

36.    Accordingly, Plaintiffs seek a Declaratory Judgment by the Honorable Court that pursuant to the terms and conditions of the contract(s) of carriage between Plaintiffs and

Defendants, other than MAHER, ZIM LINES maximum liability, if any, to Defendants is limited to US$500.00 per package or per customary freight unit.

## AS AND FOR A FOURTH CAUSE OF ACTION
## AGAINST WICE AND IQS WHEEL SYSTEM

37.    Repeat and reallege each and every allegation set forth in paragraphs 1-36.

38.    Defendants WICE and IQS WHEEL SYSTEM by their actions and their conduct represented to Plaintiffs that the subject cargo was repaired and/or replaced and in good order and condition when it was returned to the pier on or about November 3, 2006.

39.    That in fact, the cargo was damaged, and not in good order and condition when returned to the Maher terminal pier on November 3, 2006, and delivered to Plaintiffs and MAHER.

40.    That by virtue of their misrepresentation of the condition of the cargo by Defendants WICE and IQS WHEEL SYSTEM, said Defendants have breached their warranty under the United States Carriage of Goods by Sea Act, 46 USC 1303 (5) and shall indemnify ZIM LINES against all loss, damages and expenses arising or resulting from the inaccuracies in its particulars.

## AS AND FOR A FIFTH CAUSE OF ACTION
## AGAINST WICE AND IQS WHEEL SYSTEM

41.    If the subject cargo suffered any loss or damage, which is denied, said damage or loss was caused in whole or in part by the fault, negligence, breach of contract and or breach of warranty of the Defendants WICE and/or IQS WHEEL SYSTEM

42.    Consequently, WICE and IQS WHEEL SYSTEM should be required to indemnify ZIM LINES for any amount it may be required to pay, including costs,

10

disbursements, and reasonable counsel fees incurred by ZIM LINES in this action or any other action, domestic or international.

## AS AND FOR A SIXTH CAUSE OF ACTION
## AGAINST MAHER

43.    Repeat and reallege each and every allegation set forth in paragraphs 1-40.

44.    If the subject cargo suffered any loss or damage on the terminal in the port of New York/New Jersey, which is denied, said damage was caused in whole or in part by the fault, negligence, breach of contract, and/or breach of warranty of the Defendant MAHER.

45.    MAHER has refused to accept the Tender of Defense by ZIM Lines in respect to this claim by Defendants.

46.    Consequently, MAHER should be required to indemnify ZIM LINES for any amount it may be required to pay, including costs, disbursements and reasonable attorneys' fees incurred by ZIM LINES in this action, or any other action, domestic or international.

**WHEREFORE**, Plaintiffs ZIM INTEGRATED SHIPPING SERVICES, LTD. and ZIM AMERICAN INTEGRATED SHIPPING SERVICE CO., INC. pray for judgment against Defendants WICE LOGISTICS USA, INC., AA FREIGHT INC., MINGTAI FIRE & MARINE INSURANCE CO., LTD., SUPER ALLOY INDUSTRIAL CO., LTD., IQS WHEEL SYSTEM, LLC. and MAHER TERMINALS, LLC. as follows:

A.    In favor of Plaintiffs, and against Defendants, on the First Cause of Action declaring that the United States District Court for the Southern District of New York has sole and exclusive jurisdiction over the parties and any claims by the Defendants for alleged loss or damage to the subject cargo.

B.    In favor of Plaintiffs, and against Defendants, on the Second Cause of Action declaring that pursuant to the terms and conditions of the contract of carriage between Plaintiffs and the Defendants, other than MAHER, the rights and obligations of the parties shall be governed by the United States Carriage of Goods by Sea Act, 46 U.S.C. §1300 *et seq.*, as a consequence of the terms and conditions of ZIM's booking note and standard form bill of lading.

C.    In favor of Plaintiffs, and against Defendants, on the Third Cause of Action declaring that if Plaintiffs are found liable to Defendants for any cargo loss or damage related thereto, than said liability shall be limited to $500.00 per package or per customary freight unit pursuant to the terms and conditions of contracts of carriage between Plaintiffs and Defendants.

D.    In favor of Plaintiffs, and against Defendants WICE and IQS WHEEL SYSTEM, on the Fourth Cause of Action for full indemnity, including costs and legal fees, as a consequence of their breach of warranty to ZIM LINES under 46 U.S.C. § 1030 (5) in respect to the representation of the good order and condition of the cargo.

E.    In favor of Plaintiffs, and against Defendants WICE and IQS WHEEL SYSTEM, on the Fifth Cause of Action for full indemnity, including costs and legal fees, as a consequence of their negligence, tortious conduct, breach of warranty or breach of conduct which rendered Plaintiffs vicariously responsible for the alleged damage or loss to the subject goods.

F.    In favor of Plaintiffs, and against Defendant MAHER, on the Sixth Cause of Action for full indemnity, including costs and legal fees, as a consequence of

MAHER's negligence, tortious conduct, breach of warranty or breach of contract which rendered the Plaintiffs vicariously responsible for the alleged damage or loss to the subject goods.

    G. For such other, separate, and further relief as this Honorable Court may deem just and proper.

Dated: New York, New York
    May 31, 2007

        **DEORCHIS, WIENER & PARTNERS, LLP**

        Attorneys for Plaintiffs
        ZIM AMERICAN INTEGRATED SHIPPING SERVICES
        CO., INC. and ZIM INTEGRATED SHIPPING
        SERVICES, LTD.,

        By: _____
          **Vincent M. De Orchis, Esq. (VMD-6515)**
          61 Broadway, 26th Floor
          New York, New York  10006-2802
          (212) 344-4700
          Our File:  1236-688

W:\1236-688\Legals\Complaint 052907.Wel.Doc 6/1/07-